# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON PAUL SIMS,<br><br>                        Plaintiff(s),<br><br>      vs.<br><br>METROPOLITAN LIFE INSURANCE<br>COMPANY AND DOES 1 THROUGH<br>100, inclusive,<br><br>                     Defendant(s). | Case No. 05 CV 2980 (TEH)<br><br>**STIPULATION OF CONFIDENTIALITY<br>AND PROTECTIVE ORDER**<br><br>The Honorable Thelton E. Henderson |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above-captioned matter, and by and between their undersigned counsel, that:

"Confidential Material" shall include the documents and other material identified as such in accordance with paragraphs 3-5 below. "Confidential Material" shall be accorded the protections referred to in paragraphs 6-12 of this Order.

"Action" or "this action" shall refer to the above-captioned action and to no other action.

1.      Any party may in good faith designate as Confidential Material, and subject to this Confidentiality Agreement and Protective Order, any document, information or material that is either; (i) produced during discovery proceedings in this action; (ii) included in an order of this Court; or (iii) generated by a party in this action, including but not limited to, answers to interrogatories and responses to any request for the production of documents and which constitute or contain proprietary or sensitive business, personal or personnel information or any extracts or summaries thereof.

2.      Acceptance by any party of discovery material designated as "Confidential Material" shall not constitute a concession that any such discovery material is appropriately so designated.

3.     (a)  All documents, information and other discovery materials shall be treated as Confidential Material subject to this Confidentiality Agreement and Order without the need for any designation until the end of the seventh day after the date on which it is/they are produced.

(b)  Documents and other discovery materials may be designated as Confidential Material: (i) by affixing a legend to every page of the document at the time of production; (ii) by agreement in writing between the producing and receiving parties at any time; (iii) with respect to deposition testimony, in accordance with the procedures set forth in Paragraph 4 below; or (iv) with respect to motion papers, in accordance with the procedures set forth in Paragraph 5 below.  If the designation in question is disputed by the receiving party, then the receiving party shall so notify the designating party in writing within ten (10) days of receipt of the documents or other discovery materials.  The documents or discovery materials in dispute shall remain Confidential Material subject to the terms of this Order.  If the parties are unable to resolve their dispute, then either party may move the Court for an order approving or removing the confidential designation, and the non-moving party may oppose such motion.  The designated material shall be deemed Confidential Material until the issue is resolved by the Court.

4.     Any person giving deposition testimony in this action may, directly or through counsel, designate his or her testimony or any portion thereof (including exhibits), whether or not previously designated as Confidential Material, as Confidential Material by advising the court reporter and all parties of such fact on the record during the deposition, or in writing at any time up to and including the seventh day after the date of receipt of the deposition transcript.  Deposition testimony shall automatically be deemed to be Confidential Material subject to the terms of this Order until the end of the seventh day after the date of receipt of the deposition transcript.  In addition, any party may designate as Confidential Material, in accordance with the provisions of Paragraphs 3 or 4 hereof, all or any part of any deposition taken in this action.  All copies of deposition transcripts designated as or containing Confidential Material shall be prominently marked

STIPULATION OF
CONFIDENTIALITY AND
PROTECTIVE ORDER

1    "Confidential Material" on the cover thereof.  If this designation is disputed by the

2    receiving party, then the receiving party shall so notify the designating party in writing.

3    The deposition testimony in dispute shall remain Confidential Material subject to the

4    terms of this Order.  If the parties are unable to resolve their dispute, then either party may

5    move the Court for an order approving or removing the confidential designation and the

6    non-moving party may oppose such motion.  The designated material shall be deemed

7    Confidential Material until the issue is resolved by the Court.

8            5.      Motion papers or other Court filings, including exhibits, that disclose

9    Confidential Material shall be the subject of an application to file the Confidential

10   Material under seal pursuant to Rule 79-5 of the Civil Local Rules for the United States

11   District Court, Northern District of California.  Nothing shall be filed under seal and the

12   Court shall not be required to take any action without a separate prior order by the judge

13   before whom the hearing or proceeding will take place after application by the affected

14   party with appropriate notice to opposing counsel.  If the receiving party disputes a

15   confidential designation of motion papers or exhibits, then the receiving party must notify

16   the designating party of that dispute in writing.  If the parties are unable to resolve their

17   dispute, either party may move the Court for an order approving or removing the

18   confidential designation and the non-moving party may oppose such motion.  In the

19   interim, the designated material shall be deemed Confidential Material until the issue is

20   resolved by the Court.

21           6.      All Confidential Material shall be used only for the purposes of this

22   action and shall not be used for any other purpose except upon written consent of the

23   designating party or order of this Court, unless the Confidential Material was obtained

24   lawfully and independently of the designating party.

25           7.      Confidential Material shall be held in confidence and shall not be

26   intentionally or recklessly revealed, discussed, or disclosed in any manner, in any form, to

27   any person or entity other than:

28           (a)     the Court in this action;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7309368.1                               3                      STIPULATION OF
                                                            CONFIDENTIALITY AND
                                                                PROTECTIVE ORDER

1          (b)    counsel for any party retained in or working on the

2  prosecution, defense, or settlement of this action including co-counsel and counsel

3  employed directly by any party;

4          (c)    employees of counsel and persons assigned to assist counsel in

5  the prosecution, defense, or settlement of this action;

6          (d)    individual parties, including the Plaintiffs and/or class

7  members following the certification of any class and any director, officer or employee of

8  any party to this action, to the extent deemed necessary by counsel for the prosecution,

9  defense or settlement of this action;

10         (e)    putative class members signing the Confidentiality Agreement

11  may review only the personnel files and payroll records of those other putative class

12  members who sign and provide Defendant's counsel with enforceable waivers of their

13  privacy rights which release any and all claims against Defendant arising from any

14  disclosure of their personnel files and payroll records; and,

15         (f)    witnesses, experts, and consultants, but only to the extent

16  reasonably deemed necessary by counsel for the prosecution, defense or settlement of this

17  action and only if the witnesses and consultants sign the Confidentiality Agreement.

18       8.    Any disputes between counsel regarding the scope of Confidential

19  Material will be resolved by the Court.  Upon the request of any counsel, counsel agree to

20  meet promptly to review and resolve informally issues centering on Confidential Material.

21  If such meeting fails to resolve any disputes, the parties shall promptly seek the Court's

22  assistance.  Pending the Court's resolution of such issues, such material shall remain

23  designated as Confidential Material.

24       9.    Prior to the disclosure of any Confidential Material to Plaintiffs,

25  Defendants, or any individual entitled to review such information pursuant to the

26  provisions of the preceding paragraphs 7(e) and/or 7(f), such individual shall be provided

27  with a copy of this Confidentiality Agreement and Protective Order and be instructed to

28  read it.  After such person has read the Agreement, he or she shall be required to sign a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7309368.1              4                 STIPULATION OF
CONFIDENTIALITY AND
PROTECTIVE ORDER

1   copy of the attached agreement acknowledging that he or she shall abide by the terms of

2   this Agreement and Order.  The parties agree to obtain and retain a signed copy of the

3   attached agreement from any individual, including any nonparty deponents, to whom

4   Confidential Material is disclosed.

5          10.   The inadvertent or unintentional disclosure by any party of

6   Confidential Material, regardless of whether the information was so designated at the time

7   of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of

8   confidentiality, either as to the specific information disclosed or as to any other

9   information disclosed or as to any other information relating thereto on the same or related

10   subject matter.

11          11.   Nothing contained in this Confidentiality Agreement and Protective

12   Order shall affect or restrict the rights of any party with respect to its own documents.

13          12.   A producing party may notify in writing the other party that

14   documents that should have been designated Confidential Material were inadvertently

15   produced without being so designated.  Upon receiving such written notice from the

16   producing party, the receiving party shall thereafter treat the documents as Confidential

17   Material pursuant to this Protective Order.

18          13.   Upon final termination of this action, a party producing Confidential

19   Material may request the return or destruction of all such material and of other documents

20   containing information or data from the Confidential Material, and all copies thereof made

21   by or on behalf of the receiving parties, and the receiving parties shall comply with such

22   request unless otherwise ordered by the Court.  Notwithstanding this provision, Counsel

23   are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

24   memoranda, correspondence or attorney work product, even if such materials contain

25   Confidential Material.  Any such archival copies that contain or constitute Confidential

26   Material remain subject to this Confidentiality Agreement and Protective Order.

27   Moreover, any such Confidential Material shall not be used by Counsel in any way in any

28   other matter, including in any other case, action or proceeding.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7309368.1                                    5                          **STIPULATION OF
CONFIDENTIALITY AND
PROTECTIVE ORDER**

1        14.    The provisions of this Order are without prejudice to any application

2   by any party at any time, on notice, for a modification or dissolution of or relief from this

3   Agreement and Order or any provision hereof.

4        15.    The parties and their attorneys, and all other persons agreeing to this

5   undertaking, shall be responsible to see that the purpose and effect of this Order is

6   achieved.

7        16.    The foregoing is entirely without prejudice to the right of any party to

8   apply to the Court for any further Protective Order relating to any confidential documents

9   or information; or to apply to the Court for an order compelling production of documents;

10  or for the modification or the relaxation of this Order.

11  / / /

12  / / /

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7309368.1                              6                          **STIPULATION OF
CONFIDENTIALITY AND
PROTECTIVE ORDER**

1    17.    The Court may modify the Protective Order in the interests of justice

2    or public policy.

3    Dated:  November *10*, 2005          MORGAN, LEWIS & BOCKIUS LLP

4

5                                        By: _____

6                                            Rebecca Eisen

7                                        Attorneys for Defendant
                                         METROPOLITAN LIFE INSURANCE
8                                        COMPANY

9

10   Dated:  November *9*, 2005           THE EDGAR LAW FIRM

11

12                                       By: _____
                                             Don Edgar
13                                           Jeremy Fietz

14                                       Attorneys for Plaintiff
                                         JON PAUL SIMS
15

16                                       **ORDER**

17

18   IT IS SO ORDERED.

19

20   Dated:  November _14_, 2005

21                                       _____ elton E. Henderson

22

23                                       Judge Thelton E. Henderson

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7309368.1                           7                      **STIPULATION OF
                                                                CONFIDENTIALITY AND
                                                                PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JON PAUL SIMS,<br><br>               Plaintiff,<br><br>     vs.<br><br>METROPOLITAN LIFE INSURANCE<br>COMPANY AND DOES 1 THROUGH<br>100, inclusive,<br><br>            Defendants. | Case No. 05 CV 2980 (TEH)<br><br>**STIPULATION OF CONFIDENTIALITY<br>AND PROTECTIVE ORDER**<br><br>The Honorable Thelton E. Henderson |

I have been provided with a copy of the annexed Confidentiality Agreement and Protective Order.  I have thoroughly reviewed its terms, and I agree to abide by those terms.

Dated: _____

Signed:_____

Name:_____

Title:_____