1  Donald S. Edgar, Esq. (State Bar No. 139324)
   Jeremy R. Fietz, Esq. (State Bar No. 200396)
2  Rex Grady, Esq. (State Bar No. 232236)
   **EDGAR LAW FIRM**
3  408 College Avenue
   Santa Rosa, CA  95401
4  Telephone: (707) 545-3200
   Facsimile:  (707) 578-3040
5
   Attorneys for Plaintiffs, individually,
6  and on behalf of those similarly situated

7  Rebecca D. Eisen, Esq. (State Bar No. 96129)
   MORGAN, LEWIS & BOCKIUS LLP
8  One Market, Spear Street Tower
   San Francisco, CA  94105-1126
9  Tel:  415.442.1000
   Fax:  415.442.1001
10
   Christopher A. Parlo, Esq., *Pro Hac Vice*
11 MORGAN, LEWIS & BOCKIUS LLP
   101 Park Avenue
12 New York, NY 10178
   Telephone: 212.309.6000
13 Facsimile: 212.309.6273

14 Attorneys for Defendant
   METROPOLITAN LIFE INSURANCE COMPANY
15

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JON PAUL SIMS, MICHAEL B. BAGLEY, and JEFFERY A. PFEIFFER, each individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY AND DOES 1 THROUGH 100, inclusive,<br><br>Defendant. | Case No. 05 CV 2980 (TEH)<br><br>~~PROPOSED~~ ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT<br><br>The Honorable Thelton E. Henderson<br><br>Date:  June 4, 2007<br><br>Time: 10:00 a.m. |

1    The joint motion of the Settling Parties for an order preliminarily approving a
2    settlement class action came on for hearing on June 4, 2007. Following the hearing the
3    parties revised, and refiled, the Stipulation and Agreement of Settlement and Class
4    Notice Documents. The Court has considered the revised Stipulation and Agreement of
5    Settlement (the "Settlement Agreement") (and its exhibits), the submissions of counsel,
6    and all other papers filed in this action. The matter having been submitted and good
7    cause appearing therefore:
8    
9    The Court finds as follows:
10   1.     All defined terms contained herein shall have the same meanings as set
11   forth in the revised Settlement Agreement executed by the Settling Parties and filed with
12   this Court).
13   2.     The Class Representatives and MetLife, through their counsel of record in
14   the Litigation, have reached an agreement to settle all claims in the Litigation.
15   3.     The Court conditionally finds that, for the purposes of approving this
16   settlement only and for no other purpose and with no other effect on the Litigation,
17   including no effect on the Litigation should the Settlement Agreement not ultimately be
18   approved or should the Effective Date not occur, the proposed Settlement Class meets
19   each of the requirements for certification under Rule 23 of the Federal Rules of Civil
20   Procedure. This certification for settlement purposes shall not be construed to be an
21   admission or determination as to the certifiability of any class for any other purpose, in
22   this Litigation or otherwise.
23   4.     The Settlement Agreement is within the range of reasonableness and
24   meets the requirements for preliminary approval.

5.      The moving parties have also presented to the Court for review a plan to provide notice to the proposed Settlement Class of the terms of the settlement and the options facing the Settlement Class.  The notice will be mailed to all Settlement Class Members at their Last Known Addresses.  The notice plan proposed by the Settling Parties is the best practical under the circumstances.

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1.      The Settlement Agreement is preliminary approved and the Settlement Class is conditionally certified for settlement purposes only;

2.      Notice of the proposed settlement shall be given by mailing the "Notice to Settlement Class Members Re: Settlement of Action" by first class, postage prepaid, to all Settlement Class Members pursuant to the applicable provisions in the Settlement Agreement.  MetLife shall provide the Claims Administrator with the information necessary to conduct this mailing as set forth in the Settlement Agreement.

3.      A hearing shall be held before this Court on October 29, 2007, at 10:00 a.m. to consider whether the settlement should be given final approval by the Court:

(a)     Written objections by Settlement Class Members to the proposed settlement will be considered if received by the Court, on or before the Notice Response Deadline;

(b)     At the Settlement Hearing, Settlement Class Members may be heard orally in support of the settlement, or in opposition to the settlement, provided they submitted a timely written objection in advance;

(c)     Class Counsel and counsel for MetLife should be prepared at the hearing to respond to objections filed by Settlement Class Members and to provide other

1  information as appropriate, bearing on whether or not the settlement should be

2  approved; and

3      4.  In the event that the Effective Date occurs, all Settlement Class Members

4  will be deemed to have forever released and discharged the Released Claims. In the

5  event that the Effective Date does not occur for any reason whatsoever, the Settlement

6  Agreement shall be deemed null and void and shall have no effect whatsoever.

7      IT IS SO ORDERED.

8

9  Dated: 06/11/07

_____
Honorable Thelton E. Henderson
District Court Judge

[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — signed "Judge Thelton E. Henderson"]